**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 11-20551-21

PAUL KELLY,

    Defendant.

                                                          /

**ORDER SEVERING DEFENDANT FROM HIS CO-DEFENDANTS AND GRANTING DEFENDANT'S MOTION TO CONSOLIDATE**

Now before the court is Defendant Paul Kelly's Motion to Consolidate Companion Cases. (Dkt. # 1016.) The government concurs in the motion. (*Id.* at 5010.) This court construes the motion as a motion both to sever Defendant from his co-defendants and to consolidate with *United States v. Rehman*, No. 11-20540, and the court will grant the motion.

On March 20, 2013, Defendant was charged in the instant case, *United States v. Mason*, No., 11-20551, with (1) conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846 and (2) health care fraud conspiracy in violation of 18 U.S.C. §§ 1347, 1349. (Dkt. # 189, 840-45.) In *United States v. Rehman*, No. 11-20540, a separate case before Chief Judge Rosen, Defendant pleaded guilty to aiding and abetting health care fraud in violation of 18 U.S.C. §§ 2, 1347 and was sentenced to eighteen months in prison. Judgment, *United States v. Rehman*, No. 11-20540 (E.D. Mich. June 12, 2013) (Rosen, C.J.). Defendant moves to consolidate the instant case with *Rehman* because (1) both cases

involve "allegations of a scheme and pattern of illegal conduct of fraudulent health care billings and the diversion of controlled substances," (2) "[Chief] Judge Rosen has devoted a significant amount of time familiarizing himself with the facts and circumstances of these related cases and the personal characteristics of Dr. Kelly," and (3) "the *Rehman* case and the *Mason* case are related cases that are substantially similar and/or involve related parties that arise out of the same transactions or occurrences." (Dkt. # 1016, Pg. ID 5006-09.)

In order for the court to consolidate the instant case with *Rehman*, Defendant first must be severed from his co-defendants. Because a request for severance is implicit in Defendant's request for consolidation, the court construes Defendant's motion as a motion to sever and consolidate. The court also notes that it is aware of Defendant's fragile physical and emotional circumstances (*cf.* Dkt. # 792) and that granting Defendant's motion would expedite the resolution of these proceedings, thus reducing the physical and emotional burdens placed on Defendant by these proceedings. In light of Defendant's related conduct at issue in the instant case and *Rehman*, the government's concurrence in this motion, and Defendant's fragile physical and emotional circumstances, the court finds that it would be in the interests of justice to grant Defendant's motion.[1] *See* Fed. R. Crim. P. 14, Advisory Comm. Notes (1944

---

[1]The court has consulted with Chief Judge Rosen, and we are in agreement that *Mason* and *Rehman* are companion cases, with respect to Kelly, and that severing Kelly from his *Mason* co-defendants and consolidating the instant case with *Rehman* would be in the interests of justice and promote administrative efficiency. *See* E.D. Mich. LR 57.10(b)(4)(C) ("When it becomes apparent to the Judge to whom a case is assigned and to a Judge having an earlier case number that two cases are companion cases, upon consent of the Judge having the earlier case number, the Judge shall sign an order reassigning the case to the Judge having the earlier case number."); *cf.* E.D.

adoption) ("[S]everance and other similar relief is entirely in the discretion of the court."). Accordingly,

 IT IS ORDERED that Defendant Paul Kelly is SEVERED from his co-defendants, and his Motion to Consolidate (Dkt. # 1016) is GRANTED. A separate order of transfer will be issued.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: April 8, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 8, 2015, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

---

Mich. LR 57.10(b)(2) ("To promote docket efficiency, or to conform to the requirement of any case management plan adopted by the Court, or upon consent of the parties, or after notice and hearing, or in the interests of justice, the Chief Judge may order a criminal case to be reassigned, but only with the consent of the Judge to whom the case was originally assigned and with the consent of the Judge to whom it is to be reassigned.").

S:\Cleland\JUDGE'S DESK\C1 ORDERS\11-20551.KELLY.Consolidate.v2.dmi.wpd